## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. and B. LANE HASLER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RUST-O-LEUM CORPORATION, RUST-O-LEUM HOLDING, INC. RUST-O-LEUM BRANDS COMPANY | ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff B. LANE HASLER ("Plaintiff"), by his attorneys, hereby makes his complaint against Defendants RUST-O-LEUM CORPORATION, RUST-O-LEUM HOLDING, INC. and RUST-O-LEUM BRANDS COMPANY (collectively, "Defendants") as follows:

### I.
### NATURE OF THE CASE

1.      This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. § 292.

2.      Defendants have violated 35 U.S.C. § 292(a) by marking certain of their products with the expired United States Number 4,502,223 (the "Expired Patent"). Defendants marked their product Paper Tiger Wallpaper Removal Product (the "Product") with the Expired Patent with the intent to deceive the public and to gain a competitive advantage in the market place.

3.     Plaintiff seeks an award of monetary damages against Defendants pursuant to

35 U.S.C. § 292(b) of $500 per violation, which reward is to be divided equally between Plaintiff

and the United States.

## II.
## THE PARTIES

4.     Plaintiff is an individual resident of the State of Illinois.

5.     Defendant RUST-O-LEUM CORPORATION is a corporation established under

the laws of the Sate of Delaware with its principal place of business at 11 Hawthorn, Vernon

Hills, Illinois 60061.

6.     Defendant RUST-O-LEUM HOLDING, INC. is a corporation established under

the laws of the Sate of Delaware with its principal place of business at 11 Hawthorn, Vernon

Hills, Illinois 60061.

7.     Defendant RUST-O-LEUM BRANDS COMPANY is a corporation established

under the laws of the Sate of Delaware with its principal place of business at 11 Hawthorn,

Vernon Hills, Illinois 60061.

8.     Upon information and belief, Defendants are producers of paint products and

painting accessories.

## III.
## JURISDICTION AND VENUE

9.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a).

10. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendants' falsely marked products are offered for sale in this District.

11. This Court has personal jurisdiction over Defendants because they have sold and continue to sell falsely marked products in this District. Upon information and belief, such sales by Defendants are substantial, continuous and systematic.

## IV.
## COUNT I

12. Plaintiff incorporates paragraphs 1-11 as if fully set forth herein.

13. Defendants have caused to be manufactured and marketed products for sale to the general public, including the Product.

14. Defendants have in the past marked, or caused to be marked, the Product with the Expired Patent. This instance of false marking is representative and not exhaustive.

15. The expiration of a patent results in all legal protections being terminated. A product marked with an expired patent is no longer protected.

16. Upon information and belief, Defendants as well-established corporations with significant in-house and outside intellectual property legal capabilities knew, or should have known, that the Expired Patent marked on the Product expired and no longer protected the Product.

17. Upon information and belief, Defendants intentionally marked their products with the expired patents in an attempt to prevent competition and to deceive consumers that such products were covered by or protected by the expired patents, the foregoing specifically including

the Expired Patent on the Product.

18.     The false markings on the Defendants' products had the potential to, or had the probability to, dissuade potential competitors from introducing products which would compete with the falsely marked products.

19.     Defendants have published patent rights which they do not have which resulted in Defendants receiving a wrongful financial gain.

20.     The marking of a product with an expired patent causes harm to the United States, consumers in general and Plaintiff.

21.     Upon information and belief, Defendants knew, or reasonably should have known, that marking their products with expired patents, including the Expired Patent on the Product, violates Title 35 United States Code.

22.     Under applicable law, each marking of an expired patent on a product or its marketing materials is a separate claim under 35 U.S.C. § 292(a).

23.     Defendants sold more than one of the Products which had its packaging marked with the Expired Patent.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

(a)     A finding that Defendants have falsely marked a product in violation of 35 U.S.C. § 292;

(b)     An award of monetary damages, pursuant to 35 U.S.C. § 292, in the amount of $500 per violation, one-half of which should be paid to the United Sates of America;

(c)     An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products; and

(d)     Such other and further relief as is just and proper.

## VI.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury

trial on all issues triable by jury.

Dated: January 5, 2011                                      Respectfully submitted,

                                                           B. LANE HASLER


                                                           By:____/s/ B. Lane Hasler____

*Attorney for Relator*

B. Lane Hasler
IL State Bar No. 6205444
B. Lane Hasler P.C.
1530 S. State Street, Suite 17A
Chicago, Illinois 60605
(312) 893-0551
Email: lanehasler@blhpc.com